IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOVEY LYNN SMALL, ) | |
| ) | |
| Petitioner, ) | Case No. CV-00-112-S-EJL |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| DAN COPELAND, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court is Respondent Dan Copeland's ("Respondent") Motion for Partial Summary Dismissal. (Docket No. 38.) Also pending before the Court are various motions filed by Petitioner Dovey Small ("Petitioner") and her counsel. (Docket Nos. 40, 42 & 43.) Having reviewed the parties' briefing and the state court record, the Court enters the following Order.

## BACKGROUND

Petitioner Dovey Small and co-defendant Randy McKinney were charged with the first degree murder of Robert Bishop, conspiracy to commit murder, robbery, and conspiracy to commit robbery. (State's Lodging A-1, pp. 1-3.) After the two cases were severed, a jury found Small guilty of all four offenses. (State's Lodging A-2, pp. 130-138.) On June 18, 1982, Small was sentenced to two fixed life terms for first-degree

MEMORANDUM DECISION AND ORDER 1

murder and robbery, and two indeterminate thirty-year sentences for each conspiracy count, all to be served concurrently. (State's Lodging A-2, pp. 236-38.)

Petitioner filed a direct appeal, which was decided by the Idaho Supreme Court. *State of Idaho v. Small*, 690 P.2d 1336 (Idaho 1984). She next filed a state post-conviction proceeding, which was summarily dismissed by the state district court. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied the petition for review. (*Small v. State of Idaho*, 971 P.2d 1151 (Idaho Ct. App. 1998); State's Lodging D-16.)

After those matters were concluded, Petitioner filed this federal habeas corpus action. When Petitioner was informed by the federal court that some of her claims were unexhausted or procedurally defaulted, she elected to file a successive state post-conviction petition, which was eventually dismissed by the state district court. (State's Lodging E-1, pp. 7-16.) This case was stayed during the successive state court proceedings. The Idaho Court of Appeals subsequently affirmed dismissal, and the Idaho Supreme Court denied the petition for review. (State's Lodgings F-8 & F-10.) On May 8, 2007, the Court reopened this case, and thereafter Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Docket No. 30.) Respondent now requests dismissal of nearly all of Petitioner's claims on procedural default grounds.

## PETITIONER'S PRELIMINARY MOTIONS

Respondent's Motion for Partial Summary Dismissal has been pending since January 22, 2008. (Docket No. 38.) Neither Petitioner nor her counsel has filed a response. In the Order reassigning this case, Magistrate Judge Mikel H. Williams ordered Petitioner or her counsel to file a response by August 29, 2008.

In response to Judge Williams' Order, Petitioner filed a Motion to Remove Stevan Thompson as Attorney. (Docket No. 40.) Petitioner alleges that Thompson has not communicated with Petitioner and has not filed anything on her behalf. In response to that motion, Attorney Thompson, who has been working on this case pro bono and not as court-appointed counsel, filed a Motion to Withdraw as Counsel of Record stating that he wishes to be withdrawn from the case for various reasons. (Docket No. 42.) The record is clear that Attorney Thompson has not filed any response to the pending Motion for Partial Summary Dismissal in the nine months the motion has been pending, that he no longer wishes to represent Petitioner in this matter, and that Petitioner no longer desires his representation. As a result, both motions shall be granted.

Petitioner now requests an additional extension of time to respond to the Motion for Partial Summary Dismissal. She made no effort to file a response by August 29, 2008. She does not state how long an extension of time she requires to complete her response. To balance the interests of both parties in this matter, the Court shall conditionally grant Respondent's Motion for Partial Summary Dismissal at this time because the state court record shows that Petitioner's claims are procedurally defaulted

MEMORANDUM DECISION AND ORDER 3

(not because she did not file a timely response to the Motion), and allow Petitioner to file a response to the Court's Order at the same time she files a response to Respondent's Motion for Summary Judgment on the remaining claims.  The Motion for Summary Judgment shall be due no later than December 15, 2008.  Petitioner's response to this Order and to the Motion for Summary Judgment shall be due no later than February 29, 2008.  Any response to this Order conditionally granting the Motion for Partial Summary Dismissal shall contain all arguments Petitioner wishes to make on cause and prejudice or a miscarriage of justice.

### RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**A.     Standard of Law for Summary Dismissal**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

**B.     Standard of Law for Exhaustion and Procedural Default**

Habeas corpus law requires that a petitioner "exhaust" his or her state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

MEMORANDUM DECISION AND ORDER 5

**C. Petitioner's Claims Asserted in State and Federal Court**

Preliminary to its assessment of the procedural default issue, the Court now sets forth the claims Petitioner presented to the state appellate courts, as well as the claims presented in Petitioner's Amended Habeas Corpus Petition. (Docket No. 30.)

1. State Court Direct Appeal

On direct appeal to the Idaho Supreme Court, Petitioner presented the following issues: (1) whether her Sixth Amendment right to compulsory process was violated by the trial court's failure to compel Randy McKinney to testify; (2) whether it was error to admit Petitioner's incriminatory statements made during a constructive custodial interview because the statements were not knowingly and voluntarily made; (3) whether the trial court erred by denying Petitioner's motion for a directed verdict and in instructing the jury on premeditated murder where the evidence was insufficient to support that charge; and (4) whether the trial court abused its sentencing discretion by imposing two fixed life terms where Petitioner was a good candidate for rehabilitation. (State's Lodging B-1, p. 9.)

2. First State Court Post-Conviction Action

The appeal of the dismissal of Petitioner's post-conviction petition was heard and affirmed by the Idaho Court of Appeals. Petitioner then filed a petition for review with the Idaho Supreme Court. In her brief supporting her petition for review, Petitioner argued that her trial counsel was ineffective because he: (1) was inexperienced; (2) was a sole practitioner and did not request a second chair counsel; (3) did not request an

MEMORANDUM DECISION AND ORDER 6

investigator; (4) did not object to numerous items of clearly objectionable evidence; (5) did not adequately address McKinney's Fifth Amendment refusal to testify; (6) did not object to the same judge presiding over both trials and sentencings; (7) did not object to the timing of trial and sentencing, ignoring Petitioner's pregnancy and the birth of her child; (8) did not file a Rule 35 motion; (9) did not obtain information regarding possible payment of state's witness Casey Wheeless; and (10) made numerous errors that resulted in cumulative error.  Petitioner also raised the issue that she should have been granted a new trial based on McKinney's post-trial affidavit disavowing that Petitioner had anything to do with the crime, arguing that the state district court erred under Idaho Criminal Rule 33 and *State v. Drapeau*, 551 P.2d 972 (1976).  (State's Lodging D-5.)

      3.     <u>Successive State Post-Conviction Action</u>

On appeal of the dismissal of the successive post-conviction petition, Petitioner presented the following issues: (1) the petition should be considered timely because of post-conviction counsel's ineffective assistance in failing to file a Rule 35 motion upon Petitioner's request; (2) Petitioner should have been permitted to re-raise issues of trial counsel's ineffectiveness, including interviews between McKinney and Petitioner's counsel; (3) Petitioner's trial counsel was ineffective for failing to file a Rule 35 motion, and during the post-conviction process Petitioner has been denied the right to file and argue a Rule 35 motion.

      4.     <u>Federal Habeas Corpus Petition</u>

MEMORANDUM DECISION AND ORDER 7

Petitioner brings six ineffective assistance of trial counsel claims in Claim One of her second amended Habeas Corpus Petition (Docket No. 30), particularly that her trial attorney: (1) was inexperienced; (2)(a) failed to request appointment of a second attorney to assist him; (2)(b) failed to properly investigate the case, in particular, regarding witness Marlene Fleming; (3) failed to bring up the issue of Petitioner being pregnant and on medication, which affected her ability to assist counsel and called into question her competency; (4) failed to notify Petitioner of interviews he had with co-defendant McKinney; (5) failed to take steps to have McKinney's statements introduced at trial; (6) and failed to make Petitioner aware of McKinney's statements and interviews prior to Petitioner making a decision to determine whether she should testify at trial.

Claim One(7) is that appellate counsel was ineffective for failing to communicate with her and solicit her input for the direct appeal. Claim Two is that Petitioner is entitled to a new trial based upon co-defendant McKinney's post-trial affidavit. Claim Three is that the state court denied Petitioner her right to file a Rule 35 motion. Claim Four is that she was denied the right to counsel during an early interview with Detective Jim Richardson. Claim Five is that she was denied the right to counsel and access to courts during her successive post-conviction proceedings.

**D.     Discussion of Claim One: Ineffective Assistance of Trial Counsel**

As set forth above, Claims One(1) through One(6), all allege ineffective assistance of trial counsel. Respondent argues that all of the ineffective assistance of counsel claims are procedurally defaulted, with the exception of One(1) (trial counsel was inexperienced) and One(2)(a) (trial counsel did not request second chair attorney). The Court shall now examine those claims that Respondent asserts are procedurally defaulted.

1.     Claim One(2)(b)

Petitioner did not raise in her post-conviction petition the claim that counsel failed to investigate and call as a trial witness a woman named Marlene Fleming. (State's Lodging C-1, pp. 4-7.) Neither did Petitioner raise the claim in her appellate brief before the Idaho Court of Appeals (State's Lodging D-1), nor in petition for review before the Idaho Supreme Court (State's Lodging D-5). Therefore, the claim was not fairly presented to the state courts. It is too late to bring such a claim today. As a result, Claim One(2)(b) is procedurally defaulted.

2.     Claim One(3)

Claim One(3) is that Petitioner was pregnant and on medication, which affected her competency and ability to assist counsel. In her federal Habeas Petition, this claim is presented under the general heading of "ineffective assistance of counsel." (Docket No. 30, p. 7.) Petitioner raised this claim as a substantive claim, but not as an ineffective assistance claim, in her post-conviction action. (State's Lodging D-1, pp. 21-22.) The Idaho Court of Appeals treated it as an ineffective assistance claim and determined that it

MEMORANDUM DECISION AND ORDER 9

was properly dismissed for failure to support the claim with any admissible evidence. *Small v. State*, 971 P.2d at 1156-57. This treatment can be construed either as a decision that the claim had no merit, or a decision that the claim did not meet the procedural standards for a post-conviction relief petition. In any event, because Petitioner failed to include this issue in the petition for review before the Idaho Supreme Court, it is was not fairly presented. (State's Lodging D-5.) Because Petitioner has no further avenues for presenting this claim to the Idaho Supreme Court, it is procedurally defaulted.

      3.      <u>Claims One(4), (5), and (6)</u>

Claims One(4), (5), and (6) are all related to trial counsel's alleged ineffectiveness regarding interviews and statements made by co-defendant McKinney during interviews with Petitioner's counsel. These claims were not included in the post-conviction petition as claims or even as sub-parts of a claim; however, an affidavit from Petitioner's counsel and copies of the statements were submitted to the state court during the course of the post-conviction proceedings. (State's Lodging C-1, pp. 6, 24-58.)

Even if the foregoing presentation served to informally raise the issues in state district court, Petitioner failed to raise the claims in appellate briefing on post-conviction review before the Idaho Court of Appeals, where Petitioner's counsel set forth specific grounds for ineffective assistance of counsel in detail. (State's Exhibit D-1.) Similarly, it was not raised in the petition for review before the Idaho Supreme Court. (State's Lodging D-5.) Because it is too late to present these claims to the state courts at this date, they are procedurally defaulted.

MEMORANDUM DECISION AND ORDER 10

4. <u>Claim One(7): Ineffective Assistance of Appellate Counsel</u>

Claim One(7) is an allegation that Petitioner's appellate counsel was ineffective because counsel had very little contact with Petitioner and did not raise many of the claims Petitioner wished to raise. Petitioner raised this claim in her post-conviction action, including in her briefing before the Idaho Court of Appeals. (State's Lodging D-1, pp. 13-14.) The Idaho Court of Appeals did not address this claim. Nonetheless, this claim would be considered fairly presented but for Petitioner's failure to raise it in the Idaho Supreme Court in her brief in support of her petition for review. (State's Lodging D-5.) As a result of the failure to present it to the Idaho Supreme Court, this claim is improperly exhausted and procedurally defaulted.

5. <u>Claim Two: New Trial Based on Newly-Discovered Evidence</u>

Claim Two is that Petitioner is entitled to a new trial based upon McKinney's June 22, 1989 post-trial affidavit (Petitioner's Lodging of Exhibits to Amended Habeas Corpus Petition, Exhibit E.) On appeal of the post-conviction case, Petitioner raised the facts underlying this claim off-handedly as a part of an evidentiary claim that the trial court should not have allowed McKinney to assert the Fifth Amendment right to remain silent in a blanket fashion to preclude all of his testimony. (State's Lodging D-1, at p. 21.) Petitioner raised the issue as a state-law claim in her brief in support of her petition for review before the Idaho Supreme Court, relying on Idaho Rule of Criminal Procedure 33 and an Idaho case interpreting that rule, *State v. Drapeau*, 551 P.2d 972 (1976). (State's Lodging D-5, pp. 16-21.) Petitioner did not rely on any federal or constitutional ground

MEMORANDUM DECISION AND ORDER 11

for her claim that her new trial request should have been granted.  The appellate briefing did not mention the Sixth Amendment, Fourteenth Amendment, "a right to a fair trial," or "due process."[1]  (*See Id.*)   Because this claim has not been raised as a federal claim before the Idaho Supreme Court, it is procedurally defaulted.

If Petitioner intends to assert a claim of actual innocence, it is not a cognizable federal habeas corpus claim.  *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

---

[1] "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.*, 541 U.S. at 32.  The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient.  *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."  *Id*. at 1000 (citing *Baldwin*).

MEMORANDUM DECISION AND ORDER 12

      6.      <u>Claim Three: Rule 35 Motion</u>

Claim Three is that the state court denied Petitioner's right to file a Rule 35 Motion under state law.  The Idaho Court of Appeals declined to address this issue for the first time on appeal because it was not raised in the post-conviction petition before the state district court.  *Small v. State*, 971 P.2d at 1157.  Petitioner's inclusion of this claim in her appeal does not prevent it from being procedurally defaulted for Petitioner's failure to first present it to the state district court.  This particular state law procedural rule is adequate because at the time of Petitioner's appeal in 1998, it had been regularly applied in the Idaho appellate courts.  *See Sanchez v. Arave*, 815 P.2d 1061, 1062 (Idaho 1991); *State v. Fodge*, 824 P.2d 123 (1992) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal.").  It is also a state law rule independent of federal principles.  Assuming for the sake of argument that this claim is cognizable on federal habeas corpus review, it is procedurally defaulted.

Alternatively, this claim is subject to dismissal because it is based solely on a state rule of criminal procedure.  There is no constitutional right to file a motion for sentence leniency.  *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas calculation."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989) ("a petition alleging errors in the state post-conviction review process is

MEMORANDUM DECISION AND ORDER 13

not addressable through habeas corpus proceedings"). As a result, this is a noncognizable state law claim and is subject to dismissal for failure to state a claim upon which relief can be granted.

       7.       <u>Claim Four: Denial of Right to Counsel</u>

Claim Four is that Petitioner was denied her right to counsel during questioning by Detective Jim Richardson in a police vehicle on the way to locating the victim's body. This claim was not included in her post-conviction appellate brief. Rather, the only claim involving Detective Richardson was an ineffective assistance claim that counsel failed to object to Richardson's mention during trial of a felony warrant for Petitioner. (State's Lodging D-1, p. 8.) Because Claim Four was not fairly presented to the state courts and it is now too late to bring this claim in state court, it is procedurally defaulted.

The Court notes that on direct appeal, Petitioner raised the issue of whether her statements to Detective Richardson were made in a context that violated her Fifth Amendment rights under *Miranda v Arizona*, 384 U.S. 436 (1966). (State's Lodging B-1.) This claim was addressed by the Idaho Supreme Court and is therefore properly exhausted. If Petitioner wishes to bring this claim as a Fifth Amendment *Miranda* claim, rather than as a Sixth Amendment denial of the right to counsel claim, then she may file a supplemental petition noting her intent to do so, and the Court will construe Claim Six accordingly.

MEMORANDUM DECISION AND ORDER 14

### 8. Claim Five: Denial of Right to Counsel and Access to Courts During Successive Post-Conviction Proceedings

Petitioner alleges that she was denied her Sixth Amendment right to counsel and access to the courts during successive post-conviction proceedings because the state district court failed to appoint post-conviction counsel. Petitioner did not raise this claim before the Idaho Court of Appeals. (State's Lodging F-1.) Assuming for the sake of argument that this is a cognizable claim, it is procedurally defaulted.

Alternatively, it is subject to dismissal for failure to state a claim upon which relief can be granted, because the Sixth Amendment right to counsel does not attach to post-conviction proceedings. The law is clear that Petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

### E. Summary

The Court has determined that the following claims are procedurally defaulted and cannot be heard absent a showing of cause and prejudice or miscarriage of justice: Claims One(2)(b), (3), (4), (5), (6), and (7); Claim Two; Claim Three; Claim Four (except construed as a *Miranda* claim); and Claim Five. The Court will conditionally grant Respondent's Motion to Dismiss these claims. Petitioner will be provided with a final opportunity to show that her claims are not procedurally defaulted, or to show cause and prejudice or actual innocence (miscarriage of justice) to excuse the procedural default of

MEMORANDUM DECISION AND ORDER 15

her claims. Petitioner may do so by filing a "Motion to Proceed on the Merits of Procedurally Defaulted Claims" no later than sixty days after entry of this Order.

### F.  Standards of Law for a Showing of Cause and Prejudice or Actual Innocence

The following standard of law applies to cause and prejudice and actual innocence. If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. at 488. For example, an attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims, *id.*; however, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance claim in a

MEMORANDUM DECISION AND ORDER 16

procedurally proper manner to the state courts, such as in a post-conviction relief petition. In addition, because convicted persons do not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, *Bonin v. Vasquez*, 999 F.2d at 430, any shortcomings of counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default. *See Coleman*, 501 U.S. at 752 ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [the] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup v. Delo*, 513 U.S. 298, 331 (1995),

MEMORANDUM DECISION AND ORDER 17

and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 38) is conditionally GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Remove Stevan Thompson as Attorney (Docket No. 40) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Attorney Thompson's Motion to Withdraw as Counsel of Record (Docket No. 42) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension (Docket No. 43) is GRANTED in part, as follows. Petitioner shall file a response to this Order showing why her claims are not procedurally defaulted or why cause and prejudice or the miscarriage of justice exceptions should be applied to excuse the procedural default of her claims at the same time she files a response to Respondent's Motion for Summary Judgment.

IT IS FURTHER HEREBY ORDERED that the Motion for Summary Judgment on the remaining claims, Claims One(1), One(2)(a), and Four (construed as a *Miranda* claim if Petitioner wishes to pursue it as such) shall be due no later than **December 15, 2008.** Petitioner's response to this Order and to the Motion for Summary Judgment shall be due no later than **February 29, 2008.** Any response to Order on the Motion for Partial Summary Dismissal shall contain all arguments Petitioner wishes to make on cause and prejudice or a miscarriage of justice.

MEMORANDUM DECISION AND ORDER 18

IT IS FURTHER HEREBY ORDERED that if Petitioner needs copies of specific portions of the state court record, she shall file a request no later than **October 15, 2008.** The Clerk of Court shall provide Petitioner with the State's Notice of Lodging (Docket No. 37), so that she will know which records have been provided to the Court. The Court assumes that Petitioner has most or all of her state court records from her participation in her previous state matters and will not entertain a blanket request for the entire record.

DATED: **September 23, 2008**

_/s/ Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge